**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NEXEON LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EAGLEPICHER TECHNOLOGIES, LLC and ) <br> ONED MATERIAL LLC, ) <br> ) <br> Defendants. ) | Civil Action No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Nexeon Limited ("Nexeon"), by its undersigned attorneys, files this complaint for patent infringement against Defendants EaglePicher Technologies, LLC ("EaglePicher") and OneD Material LLC ("OneD Material") (collectively referred to herein as "Defendants") and, in support thereof, alleges as follows:

**THE PARTIES**

1.     Plaintiff Nexeon Limited is a company organized under the law of the England and Wales, having a principal place of business at 136 Eastern Avenue, Milton Park, Abingdon, Oxfordshire OX14 4SB, United Kingdom.  Nexeon holds all right, title, and interest in each patent in this action.

2.     On information and belief, Defendant EaglePicher Technologies, LLC is a Delaware limited liability corporation with its principal place of business at C & Porter Streets, Joplin, MO 64802.

3.     On information and belief, Defendant OneD Material LLC is a Delaware limited liability corporation with its principal place of business at 2625 Hanover Street, Palo Alto, CA 94304.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement under the acts of Congress relating to patents, namely the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendants.

6. EaglePicher is incorporated in Delaware and is therefore subject to the jurisdiction of this Court. As a domestic corporation, EaglePicher is registered to do business with the State of Delaware Division of Corporations. Further, EaglePicher has extensive contacts with the State of Delaware and regularly does business in this district.

7. OneD Material is incorporated in Delaware and is therefore subject to the jurisdiction of this Court. As a domestic corporation, OneD Material is registered to do business with the State of Delaware Division of Corporations. Further, OneD has extensive contacts with the State of Delaware and regularly does business in this district.

8. Defendants, incorporated in the district, have committed and continue to commit acts of patent infringement. Defendants have, at a minimum, directly and/or through intermediaries, including subsidiaries, distributors, sales agents, and others, sold and/or offered for sale infringing products, as alleged in further detail below. Therefore, this Court has specific jurisdiction over Defendants.

9. Defendants reside in this District, and as such, they are subject to personal jurisdiction in this district. Therefore, this District is proper venue pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## FACTUAL BACKGROUND

10. Nexeon is a battery materials and licensing company developing silicon anodes for the next generation of lithium-ion battery. Nexeon has developed unique silicon anode technologies that provide improved performance of lithium ion batteries. (Ex. A). Nexeon has a pilot plant in full operation, and is actively soliciting licensees and partners for the implementation of its materials into batteries. (Ex. B).

11. Defendant OneD is the manufacturer and marketer of SiNANOde™ branded products, which are silicon-graphite materials that are claimed to be "capable of significantly increasing the energy density and cycle life of a large variety of Lithium-ion batteries." (Ex. C). By way of non-limiting example, the SiNANOde™ materials are described in a presentation made by Yimin Zhu at the United States Department of Energy's 2014 Hydrogen and Fuel Cells Program and Vehicle Technologies Office Annual Merit Review and Peer Evaluation Meeting, held June 16-20, 2014. (Ex. D). On information and belief, OneD has sold quantities of the SiNANOde™ materials to a variety of customers, including prospective licensees of its technology.

12. Defendant EaglePicher is a manufacturer and marketer of a variety of types of batteries, including lithium-ion batteries. (Ex. E, Ex. F).

13. EaglePicher has entered into a License Agreement and an Engineering Services Agreement with OneD, to set up a new EaglePicher production facility in Joplin, Missouri to produce the SiNANOde™ material. (Ex. G). EaglePicher has broken ground on such new facility, dubbing it the "Lithium Ion Center of Excellence." (Ex. F). Upon information and belief, EaglePicher has and/or is currently actively developing lithium-ion batteries using the SiN SiNANOde™ materials.

14. By letter dated June 11, 2015, Nexeon notified Defendant EaglePicher that Nexeon had reason to believe that EaglePicher has been and is currently engaged in the development, manufacture, use, offer for sale, and/or marketing of certain materials developed by Defendant OneD under the name SiNANOde™ ("the SiNANOde materials") in the field of lithium battery anodes. (Ex. H).  Scott Brown, the Chief Executive Officer of Nexeon, followed up this letter with an email to Emily Russell at EaglePicher on July 1.  (Ex. I).

15. Nexeon further advised that EaglePicher's activities, including its activities with respect to the SiNANOde™ material, infringe one or more claims of U.S. Patent Nos. 8,597,831 and 8,940,437.  (Ex. H).

16. By letter dated October 1, 2015, an attorney representing both EaglePicher and OneD notified Nexeon that his "clients believe that these assertions are baseless and should be withdrawn."  (Ex. J).

## COUNT I
### (Infringement of the U.S. Patent No. 8,597,831)

17. Plaintiff Nexeon incorporates paragraphs 1-16 above as if fully set forth herein.

18. Plaintiff Nexeon is the owner of U.S. Patent No. 8,597,831 ("the '831 patent"), titled "Method of fabricating fibres composed of silicon or a silicon-based material and their use in lithium rechargeable batteries," which was duly and legally issued on December 3, 2013.  A true and correct copy of the '831 patent is attached as Exhibit K.

19. Plaintiff Nexeon has never licensed Defendants under the '831 patent nor otherwise authorized Defendants to practice the '831 patent.

20. Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '831 patent by making, using, selling, and/or offering for sale products, including at a minimum the SiNANOde™

material, covered by claims of the '831 patent without Plaintiff Nexeon's authorization in violation of 35 U.S.C. § 271.

21. Defendant OneD has and continues to promote, advertise, and instruct customers and potential customers about SiNANOde™ branded products and how to use SiNANOde™ branded product, including infringing uses under 35 U.S.C. § 271. Defendant OneD's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the website www.onedmaterial.com. *See* Ex. C. Additionally, Defendant OneD has entered into a License and Engineering Services agreement with EaglePicher; upon information and belief, such Engineering Services include instruction of EaglePicher regarding how to make and use the SiNANOde™ materials. *See* Ex. G. Defendant OneD engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

22. On information and belief, Defendants had actual notice of the existence of the '831 patent.

23. At a minimum, Defendant EaglePicher had actual knowledge of the '831 patent based on a letter sent to Defendant EaglePicher on June 11, 2015, in which Nexeon alleged that Defendant EaglePicher's activities with respect to the SiNANOde™ materials fall within the scope of the '831 patent. (Ex. H). On information and belief, Defendant OneD had actual knowledge of the '831 patent shortly thereafter. *See* Ex. J (demonstrating joint representation of OneD and EaglePicher by the same attorney).

24. Defendants knew or should have known that the SiNANOde™ material is especially made or especially adapted for use in an infringement of the '831 patent and that there is no substantially non-infringing use of the SiNANOde™ material.

25. Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

26. Defendants' activities have and continue to constitute active inducement of and contributory infringement of the '831 patent in violation of 35 U.S.C. § 271(b) and (c).

27. Defendants' infringement of the '831 patent has caused irreparable harm to Plaintiff Nexeon and will continue to do so unless enjoined.

**COUNT II**
**(Infringement of the U.S. Patent No. 8,940,437)**

28. Plaintiff Nexeon incorporates paragraphs 1-27 above as if fully set forth herein.

29. Plaintiff Nexeon is the owner of U.S. Patent No. 8,940,437 ("the '437 patent"), titled "Method of fabricating structured particles composed of silicon or a silicon-based material and their use in rechargeable batteries," which was duly and legally issues on January 27, 2015. A true and correct copy of the '437 patent is attached as Exhibit L.

30. Plaintiff Nexeon has never licensed Defendants under the '437 patent nor otherwise authorized Defendants to practice the '437 patent.

31. Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '437 patent by making, using, selling, and/or offering for sale products, including at a minimum the SiNANOde™ material, covered by claims of the '831 patent without Plaintiff Nexeon's authorization in violation of 35 U.S.C. § 271.

32. Defendant OneD has and continues to promote, advertise, and instruct customers and potential customers about SiNANOde™ branded products and how to use SiNANOde™ branded product, including infringing uses.  Defendant OneD's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the website www.onedmaterial.com.

*See* Ex. C.  And Defendant OneD has entered into a License and Engineering Services agreement with EaglePicher; upon information and belief, such Engineering Services include instruction of EaglePicher regarding how to make and use the SiNANOde™ materials.  *See* Ex. G.  Defendant OneD engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

33. On information and belief, Defendants had actual and constructive notice of the existence of the '437 patent.

34. At a minimum, regardless of the foregoing, Defendant EaglePicher had actual knowledge of the '437 patent based on a letter sent to Defendant EaglePicher on June 11, 2015, in which Plaintiff Nexeon alleged that Defendant EaglePicher's activities with respect to the SiNANOde™ materials fall within the scope of the '437 patent. (Ex. H).  On information and belief, Defendant OneD had actual knowledge of the '437 patent shortly thereafter.  *See* Ex. J (demonstrating joint representation of OneD and EaglePicher by the same attorney).

35. Defendants knew or should have known that the SiNANOde™ material is especially made or especially adapted for use in an infringement of the '437 patent and that there is no substantially non-infringing use of the SiNANOde™ material.

36. Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

37. Defendants' activities have and continue to constitute active inducement of and contributory infringement of the '437 patent in violation of 35 U.S.C. §§ 271(b) and (c).

38. Defendants' infringement of the '437 patent has caused irreparable harm to Plaintiff Nexeon and will continue to do so unless enjoined.

## RELIEF REQUESTED

THEREFORE, Plaintiff Nexeon prays for judgment and relief including:

(A)   Judgment and decree that Defendants have been and are infringing one or more of the claims of the '831 and '437 patents pursuant to 35 U.S.C. §§ 271(a), (b), and (c);

(B)   A preliminary and permanent injunction enjoining Defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing infringement of, or contributing to infringement of the '831 and '437 patents;

(C)   An award of damages incurred by Plaintiff Nexeon as a result of Defendants' infringement of the '831 and '437 patents as provided under 35 U.S.C. § 284;

(D)   An assessment of costs, including reasonable attorney fees pursuant to 35 U.S.C. § 285, and prejudgment interest against Defendants; and

(E)   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: October 21, 2015

*OF COUNSEL:*

Paul S. Tully, Ph.D.
Ann C. Palma
McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
(312) 935-2379
tully@mbhb.com
palma@mbhb.com

   */s/ Mary B. Matterer*
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
matterer@morrisjames.com

*Attorneys for Plaintiff Nexeon Ltd.*