# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEXEON LIMITED, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 15-955-RGA-MPT |
| EAGLEPICHER TECHNOLOGIES, LLC and ONED MATERIAL LLC, | ) |
| Defendant | ) |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On October 21, 2015, Nexeon Limited ("Nexeon") filed this action against EaglePicher Technologies, LLC ("EaglePicher") and OneD Material LLC ("OneD") (collectively, "defendants"), alleging infringement of U.S. Patent No. 8,597,831 ("the '831 patent") and U.S. Patent No. 8,940,437 ("the '437 patent") (collectively, "the patents-in-suit"). Nexeon seeks a preliminary and permanent injunction of all allegedly infringing activities by defendants, damages, and costs for defendants' direct, induced, and contributory infringement of the patents-in-suit. Defendants filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim on April 18, 2016 in response to plaintiffs' original complaint. Nexeon thereafter filed its first amended complaint against defendants on May 5, 2016.

Pending before the court is defendants' motion to dismiss for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6) against Nexeon's first amended complaint. This Report and Recommendation addresses whether

Nexeon sufficiently stated a claim upon which relief can be granted. For the reasons stated below, it is recommended that the defendants' motion be granted in part and denied in part.

## II. BACKGROUND

### A. Parties

Nexeon is a company organized and existing under the laws of England and Wales, with its principal place of business in Oxfordshire, United Kingdom.[1] Defendant EaglePicher is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business in Joplin, Missouri.[2] Defendant OneD is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business in Palo Alto, California.[3]

### B. Patents-in-suit

Nexeon asserts it currently holds and has held all rights to the patents-in-suit by assignment from inventors Mino Green and Feng-Ming Liu since the issuance of the '831 patent and the '437 patent from the United States Patent and Trademark Office ("USPTO") on December 3, 2013 and January 27, 2015 respectively.[4] The '831 patent is entitled "Method of Fabricating Fibres Composed of Silicon or a Silicon-Based Material and Their Use in Lithium Rechargeable Batteries."[5] The '437 patent is titled "Method of Fabricating Structured Particles Composed of Silicon or a Silicon-Based

---

[1] D.I. 11 at 1.
[2] *Id.*
[3] *Id.* at 2.
[4] *Id.* at Ex. P, Ex. R.
[5] *Id.* at Ex. P.

Material and Their Use in Lithium Rechargeable Batteries."[6]

### C. SiNANOde

OneD is the owner of U.S. Patent Application 12/783243, published as U.S. Patent Application Publication No. 2010/0297502 ("the '502 Publication"), which describes its SiNANOde™ ("SiNANOde") materials and manufacturing process.[7] This process includes: silicon nanowires grown on carbonaceous substrates (i.e. graphite powder particles), formation of porous networks, and growth of silicon nanowires on carbonaceous powders.[8] In January 2015, OneD announced it entered into a License Agreement and Engineering Services Agreement with EaglePicher.[9] By March 2015, EaglePicher broke ground on a new facility named "Lithium Ion Center of Excellence," where it hopes to "increase its manufacturing of lithium ion materials and products" using the SiNANOde materials.[10] Nexeon notified EaglePicher of possible infringement by a letter dated June 11, 2015 and through the subsequent correspondence between the parties.[11]

## III. STANDARD OF REVIEW

### A. Motion to Dismiss

FED. R. CIV. P. 12(b)(6) governs a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint, not to resolve disputed facts or

---

[6] *Id.* at Ex. R.
[7] *Id.* at 7, Ex. I.
[8] *Id.* at 7-8, Ex. I.
[9] *Id.* at 11. *See also* http://www.onedmaterial.com/press-releases/.
[10] *Id. See also* http://www.eaglepicher.com/news/eaglepicher-news.
[11] *Id.* at 11-12.

decide the merits of the case.[12] "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[13] A motion to dismiss may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief."[14] While the court draws all reasonable factual inferences in the light most favorable to a plaintiff, it rejects unsupported allegations, "bald assertions," and "legal conclusions."[15]

To survive a motion to dismiss, a plaintiff's factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."[16] Plaintiffs are therefore required to provide the grounds of their entitlement to relief beyond mere labels and conclusions.[17] Although heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged.[18]

---

[12] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

[13] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (citations omitted). See also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.").

[14] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-482 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)).

[15] *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."); *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted) (rejecting "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation")).

[16] *Twombly*, 550 U.S. at 555 (citations omitted). See also *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (citation omitted).

[17] *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[18] *Id.* at 570. See also *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ("In its general discussion, the Supreme Court explained that the concept of a

A claim has facial plausibility when a plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[19] The plausibility standard does not rise to a "probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully."[20] Once stated adequately, a claim may be supported by showing any set of facts consistent with the allegations in the complaint.[21] Courts generally consider only the allegations contained in the complaint, the exhibits attached, and matters of public record when reviewing a motion to dismiss.[22]

### B. Direct Infringement

In *McZeal v. Sprint Nextel, Corp.*, the Federal Circuit held that FED. R. CIV. P. Form 18[23] is sufficient to state a claim of direct infringement.[24] This finding was reiterated in *In re Bill of Lading Trans. & Proc. Sys. Patent Litig.*,[25] where the court stated "to the extent . . . that *Twombly* and its progeny conflict with the Forms and create different pleading requirements, the Forms control."[26] Thus, in order to adequately plead direct infringement, the complaint needed only recite:

---

'showing' requires only notice of a claim and its grounds, and distinguished such a showing from 'a pleader's bare averment that he wants relief and is entitled to it.'") (quoting *Twombly*, 550 U.S. at 555 n.3).
  [19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
  [20] *Id.*
  [21] *Twombly*, 550 U.S. at 563 (citations omitted).
  [22] *See, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).
  [23] Form 18 is the descendant of Form 16, as discussed in *McZeal v. Sprint Nextel, Corp.*, 501 F.3d 1354 (Fed. Cir. 2007). Form 18 became effective December 1, 2007.
  [24] *McZeal*, 501 F.3d at 1356.
  [25] 681 F.3d 1323, 1334-1335 (Fed. Cir. 2012).
  [26] *Id.* at 1334.

(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent 'by making, selling and using [the device] embodying the patent'; (4) a statement that the plaintiff has given notice of its infringement; and (5) a demand for an injunction and damages.[27]

Effective December 1, 2015, Form 18 was abrogated, leaving direct infringement claims subject to the *Twombly* and *Iqbal* pleading standard.[28]

### C. Indirect Infringement

As a precursor to stating a claim for indirect infringement, inducement, or contributory infringement, a plaintiff must "plead[] facts sufficient to allow an inference that at least one direct infringer exist[]."[29] A plaintiff "need not identify a *specific* direct infringer."[30] Once there are facts sufficient to allow an inference of direct infringement, the court will then look at the individual requirements necessary to plead inducement and contributory infringement.

#### 1. Inducement

35 U.S.C. §271(b) states that: "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To establish induced infringement, a patentee must prove "that the alleged infringer 'knowingly induced infringement and possessed specific intent to encourage another's infringement.'"[31] A plaintiff must aver the alleged infringer had "knowledge that the induced acts constitute patent infringement."[32] This

---

[27] *Id.* (citing *McZeal*, 501 F.3d at 1357 (Fed. Cir. 2007)).
[28] Order Amending Federal Rules of Civil Procedure, April 29, 2015.
[29] *Id.* at 1336.
[30] *Id.* (emphasis in original).
[31] *Ericsson, Inc. v. D-Link Sys. Inc.*, 773 F.3d 1201, 1219 (Fed. Cir. 2014) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)).
[32] *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

6

element inherently requires the alleged infringer have knowledge of the patent, and "knew or should have known [its] actions would induce actual infringement."[33] For inducement, a plaintiff must assert "culpable conduct, directed to encourage another's infringement, not merely that the inducer had knowledge of the direct infringer's activities."[34] The culpable conduct may be plead circumstantially.[35]

Further, a court must apply *Twombly* and *Iqbal* in determining whether the requisite knowledge and specific intent have been properly pled.[36] The "complaint must contain facts 'plausibly showing that [the alleged indirect infringer] specifically intended [the direct infringer] to infringe [the patent] and knew that the [direct infringer's] acts constituted infringement.'"[37]

### 2. Contributory Infringement

Under 35 U.S.C. § 271(c):

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, shall be liable as a contributory infringer.

---

[33] *DSU Med.*, 471 F.3d at 1306 (citing *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990)).

[34] *Id.* 471 F.3d at 1306.

[35] *Id.* (quoting *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)).

[36] *In re Bill of Lading*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012) (internal citations and footnotes omitted).

[37] *Pragmatus AV, LLC v. Yahoo! Inc.*, 2012 WL 6044793, at *14 (D. Del. Nov. 13, 2012), *report and recommendation adopted sub nom. Pragmatus AV, LLC v. Yahoo! Inc.*, 2013 WL 2295344 (D. Del. May 24, 2013) (citing *In re Bill of Lading*, 681 F.3d at 1339)).

A plaintiff, therefore, must aver an alleged infringer (1) offered to sell, sells, or imports, (2) a material part of a patented invention, (3) knew of the patented invention, (4) knew the part was made for, or adapted to use, in a patented invention, and (5) the part has no substantial non-infringing use.[38] Similarly with inducement, the court must apply *Twombly* and *Iqbal* to determine whether sufficient facts have been alleged to make a plausible claim for contributory infringement.

With respect to elements (3) and (4), the pleading may use the same knowledge for contributory infringement as under inducement, because the knowledge for inducement is the same for contributory infringement.[39] Therefore, when a plaintiff has pled sufficient facts to show knowledge of inducement, adequate facts to show knowledge of contributory infringement have also been pled. For element (5), a plaintiff must assert "facts that allow an inference that the [parts] . . . have no substantial non-infringing uses."[40] A substantial non-infringing use is one that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental."[41]

---

[38] *See Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 566 (D. Del. 2012).
[39] *See Global-Tech Appliances*, 563 U.S. at 764-765 (2011).
[40] *In re Bill of Landing*, 681 F.3d at 1338.
[41] *Id.* (quoting *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327-1329 (Fed. Cir. 2009)).

## IV. ANALYSIS

### A. Direct Infringement

The complaint in this matter was filed prior to the change to the Federal Rules of Civil Procedure, and therefore, this court has discretion whether to apply the post-December 1, 2015 direct infringement pleading standard to the amended complaint.[42] Defendants note courts have held "to the maximum extent possible, the amended Rules should be given retroactive application."[43] In the Order amending the Federal Rules of Civil Procedure, the Supreme Court stated the "foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2015, and shall govern in civil cases thereafter commenced, and, insofar as just and practicable, all proceedings then pending."[44] In the interest of justice and practicability, Form 18 should still be used to analyze the sufficiency of the pleadings.

Nexeon adequately pleads direct infringement against defendants. Nexeon has shown the first two requirements for direct infringement by providing sufficient facts for jurisdiction: alleging this matter involves a patent and defendants are limited liability companies organized under the laws of the State of Delaware.[45] Additionally, Nexeon has represented it is the owner of both the patents-in-suit.[46]

Regarding the third element, Nexeon asserts EaglePicher infringed the patents-in-suit by "making, using, selling, and/or offering for sale batteries that include

---

[42] *See Raindance Techs., Inc. v. 10x Genomics, Inc.*, 2016 WL 927143, *2-3 (D. Del. 2016).

[43] *Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 546 (5th Cir. 1992) (quoting *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 823 (5th Cir. 1967)).

[44] Order Amending Federal Rules of Civil Procedure, April 29, 2015

[45] D.I. 11 at 1-2.

[46] *Id.* at 12, 16.

9

electrodes made of the SiNANOde material . . ." and "products, including at a minimum batteries having electrodes made of the SiNANOde material . . . ."[47] Nexeon also argues OneD infringed the '437 patent by "making, using, selling, and/or offering for sale products, including at a minimum the SiNANOde material . . . ."[48]

Defendants dismiss the allegations of direct infringement as conclusory and lacking in factual support.[49] However, Nexeon has sufficiently pled facts to satisfy the requirements of Form 18. Defendants contend Nexeon's failure to cite specific pages or portions of referenced exhibits in its claims charts is indicative of the mere reiteration of elements of its claims.[50] This argument is unconvincing because Form 18 does not require citations to specific statements, nor do *Twombly* and *Iqbal*[51] require such references.[52] Defendants contend Nexeon cannot calculate the surface coverage percentage without two variables (variance of graphite particles and diameter and length of a silicon nanowire), and Nexeon's description of the construction and composition of SiNANOde is deficient. However, these descriptions are irrelevant to the analysis of adequate pleading under Form 18.[53] Form 18 simply requires a statement that defendant has been infringing the patent by making, selling, and using

---

[47] *Id.* at 14, 18.
[48] *Id.* at 18.
[49] D.I. 14 at 6.
[50] *Id.* at 6.
[51] *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted)). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
[52] FED. R. CIV. P. Form 18.
[53] *Id.*

the material embodying the patent.[54] Defendants further argue Nexeon's complaint lacks specificity as to "what is alleged to be literally infringed and what is alleged to be infringed by equivalents."[55] However, Form 18 does not call for specific pleading of "each element of the asserted patent's claims or even identify which claims it is asserting" and Nexeon pleads more facts than Form 18 requires in its amended complaint.[56] A pleading for direct infringement does not require an expressed claim for literal infringement and/or by doctrine of equivalents.[57] Consequently, Nexeon's complaint has adequately included a statement that defendants have been infringing the patents-in-suit.

The fourth and fifth elements of direct infringement are also met. Nexeon represents it provided EaglePicher written notice of infringement in a letter dated June 11, 2015 and in the ensuing correspondence between the parties.[58] OneD had notice of the alleged infringement shortly thereafter - at the very least by October 1, 2015.[59] Finally, Nexeon demands both injunctive relief and damages.[60] As a result, Nexeon has sufficiently plead direct infringement and defendants' motion on direct infringement is denied.

---

[54] *In re Bill of Lading Trans. & Proc. Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel, Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007))
[55] D.I. 14 at 8.
[56] FED. R. CIV. P., Form 18. *See also EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 532 (D. Del. 2011) (quoting *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010)).
[57] *See EON Corp.*, 802 F. Supp. 2d at 532; *U.S. Gypsum Co. v. LaFarge N. Am., Inc.*, 508 F. Supp. 2d 601, 618-620 (N.D. Ill. 2007).
[58] D.I. 11 at 15, 18-19, Ex. M-O.
[59] *Id.* at Ex. O.
[60] *Id.* at 20.

### B. Induced Infringement

For a induced infringement claim to survive a motion to dismiss, a plaintiff must incorporate facts in its complaint that show defendant's specific intent for its customers to infringe and knowledge that the acts constituted infringement.[61] "Evidence of 'active steps . . . taken to encourage direct infringement,' such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use."[62] Defendants correctly note "mere knowledge of infringing potential or of actual infringing uses would not be enough . . . to subject [a defendant] to liability. Nor would ordinary acts incident to product distribution, such as offering customers technical support or product update, support liability in themselves."[63]

However, OneD does not merely have knowledge of the infringing uses and its actions are not incidental to product distribution. In addition to its "promotion, advertising, and instruction efforts," OneD entered into License and Engineering Services agreements with EaglePicher and has since instructed EaglePicher of how to

---

[61] *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

[62] *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (quoting *Oak Industries, Inc. v. Zenith Electronics Corp.*, 697 F. Supp. 988, 992 (N.D. Ill. 1988)). *See, e.g., Fromberg, Inc. v. Thornhill*, 315 F.2d 407, 412-413 (5th Cir. 1963); *Haworth Inc. v. Herman Miller Inc.*, 1994 WL 875931 (W.D. Mich. 1994); *Sims v. Mack Trucks, Inc.*, 459 F. Supp. 1198, 1215 (E.D. Pa. 1978).

[63] D.I. 14 at 10 (quoting *Grokster*, 545 U.S. at 937).

manufacture and use SiNANOde.[64] This agreement is not "a mere sale with instructions," but rather an "active step" because OneD is instructing EaglePicher how to engage in an infringing use: namely, making electrodes and batteries using the SiNANOde technology and materials for sale.[65] This activity illustrates the affirmative, specific intent required for an induced infringement claim.[66]

The second prong for an induced infringement claim to survive a motion to dismiss is also met in this case, as OneD had knowledge that the acts would constitute infringement. Such knowledge is demonstrated through defendants' counsel's responses to Nexeon's notice of potential infringement.[67] Nexeon's original letter dated June 11, 2015 stated EaglePicher's "development, manufacture, use, offer for sale, and/or marketing of certain materials developed by One D . . . under the name SiNANOde in the field of lithium battery anodes . . . fall[s] within the scope of one or more claims of the '831 and/or '437 patents."[68] Thus, OneD knew or should have known that any use of the SiNANOde material constituted infringement.[69] Therefore, Nexeon's first amended complaint contains facts plausibly showing induced infringement.

Defendants argue Nexeon's induced infringement claims are deficient because Nexeon, in paragraphs 55 and 75, lump induced and contributory infringement claims

---

[64] D.I. 11 at 15, 19.
[65] See D.I. 15 at 10-11; Grokster, 545 U.S. at 936. Contra D.I. 16 at 5; DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006).
[66] See Grokster, 545 U.S. at 936.
[67] D.I. 11 at Ex. O.
[68] Id. at Ex. M.
[69] See Global-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 759 (2011); DSU Med., 471 F.3d at 1306 (citing Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 553 (Fed. Cir. 1990)).

for both defendants in one paragraph, such that it could be read as claiming induced and contributory infringement against *both* defendants.[70] However, given Nexeon's detailed and explicit claims for induced infringement only against OneD in other paragraphs in its complaint, in addition to its reiteration and clarification of claims in its answering brief, it is unreasonable to read paragraphs 55 and 75 as alleging EaglePicher induced infringement.[71] Consequently, defendants' motion to dismiss Nexeon's induced infringement claims should be denied.

### C. Contributory Infringement

To successfully plead contributory infringement, a plaintiff must claim an alleged infringer offered to sell, sells, or imports a material part of a patented invention, knew of the patented invention, knew the part was made for, or adapted to use, in a patented invention, and the part has no substantial non-infringing use.[72] In this matter, the first two elements are met: Nexeon claims defendants offered to sell and sold SiNANOde, a material part of a patented invention, as evidenced by the patents-in-suit.[73] A pleading may meet the third and fourth elements of contributory infringement by the same knowledge used in inducement.[74] Because the knowledge requirement has been met for Nexeon's induced infringement claims, this element for pleading contributory infringement has also been met.

Defendants argue Nexeon failed to adequately plead the final element for

---

[70] D.I. 11 at ¶ 55, ¶ 75. ("Defendants' activities have and continue to constitute active inducement of and contributory infringement . . . .")

[71] D.I. 11 at ¶ 52, ¶ 72; D.I. 15 at 8-9.

[72] *See Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 566 (D. Del. 2012).

[73] D.I. 11 at 15-16. *See also* D.I. 11 at Ex. P.

[74] *See Global-Tech Appliances*, 563 U.S. at 765.

14

contributory infringement: substantial non-infringing uses or that the components were "especially designed" for infringing combination.[75] As noted previously, substantial non-infringing uses are "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental."[76] Nexeon argues it adequately pled that SiNANOde is "inherently infringing," and therefore, any sale of SiNANOde or materials using SiNANOde cannot have any substantial non-infringing uses.[77] However, assuming Nexeon has pled adequately that SiNANOde is inherently infringing, it does not follow that there are no substantial non-infringing uses; this statement is merely conclusory. Nexeon has not sufficiently pled facts demonstrating a lack of substantial non-infringing uses and therefore its contributory infringement claims are inadequate. In light of this finding, the court need not address alternative arguments in support of defendant's motion to dismiss. Defendants' motion to dismiss Nexeon's contributory infringement claim should be granted.

## V. ORDER AND RECOMMENDED DISPOSITION

Consistent with the findings herein, it is recommended that defendants' motion to dismiss plaintiff's first amended complaint for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6) (D.I. 13) be granted in part and denied in part.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), FED. R. CIV. P. 72(b) and D. DEL.

---

[75] D.I. 14 at 10.

[76] *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009) (citing *Hilgraeve Corp. v. Symnatec Corp.*, 265 F.3d 1336, 1343 (Fed. Cir. 2001); *D.O.C.C. Inc. v. Spintech Inc.*, 1994 WL 872025 (S.D.N.Y. 1994); *Haworth Inc. v. Herman Miller Inc.*, 1994 WL 875931 (W.D. Mich. 1994)).

[77] D.I. 15 at 12.

15

LR 72.1, any objections to the Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same. Any response is limited to ten (10) pages.

The parties are directed to the court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72 dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Date: July 26, 2016                                                       Mary Pat Thynge
                                                                          United States Magistrate Judge