IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEXEON LTD., <br><br> Plaintiff, <br><br> v. <br><br> EAGLEPICHER TECHNOLOGIES, LLC AND ONED MATERIAL LLC, <br><br> Defendants. | Civil Action No. 1:15-cv-955-RGA |

**MEMORANDUM ORDER**

Defendants filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Plaintiff's complaint. (D.I. 13). The matter was referred to a Magistrate Judge, who filed a report recommending that the motion be denied in part and granted in part. (D.I. 17; D.I. 18 at 15). Defendants object that the Magistrate Judge improperly relied on Form 18 to hold Plaintiff sufficiently pled direct infringement. (*See* D.I. 19 at 6–8, 11) (arguing that direct infringement is not adequately pled and induced infringement is not adequately pled insofar as the direct infringement allegations are deficient). I review the objected to portions of the Report and Recommendation *de novo*. 28 U.S.C. § 636(b)(1).

1

Prior to December 1, 2015, Form 18 directed plaintiffs in patent infringement suits to plead their infringement allegations in a particular way. Fed. R. Civ. P. Form 18 (abrogated Dec. 1, 2015). Specifically, Form 18 enabled plaintiffs to meet a four-part pleading standard requiring them to allege (1) jurisdiction; (2) ownership of the patent; (3) defendant's infringement "by making, selling, and using [the device] embodying the patent"; and (4) a demand for relief. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012).

On December 1, amendments to the Federal Rules went into effect abrogating Form 18. The order adopting the amendments explained that the changes "shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Supreme Court of the United States, *Order Regarding Amendments to the Federal Rules of Civil Procedure* (U.S. Apr. 29, 2015).[1]

The complaint in this case was filed on October 21, about six weeks before the rule changes took effect. (D.I. 1). Without Form 18, patent infringement allegations are evaluated under the plausibility standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Defendants press that the Magistrate Judge was wrong to center her analysis on Form 18 instead of *Twombly*. The standard used, whether Form 18 or *Twombly*, is a distinction without a difference in this case. Defendants demand Plaintiff prove

---

[1] The order can be found at www.supremecourt.gov/orders/courtorders/frcv15_5h25.pdf.

its case under the guise of satisfying *Twombly* (*see* D.I. 19 at 8–10), but that is not required at this stage. Plaintiff clearly pled sufficient facts in the claim charts attached to the complaint to state a plausible claim of infringement. (*See* D.I. 11-4 at 84–85, 102–03).

Thus, the objection (D.I. 19) is **OVERRULED**. The conclusions of the Report and Recommendation (D.I. 18) are **ADOPTED**. The motion to dismiss (D.I. 13) is **GRANTED IN PART** and **DENIED IN PART**.

IT IS SO ORDERED this 18 day of October 2016.

/s/ Richard G. Andrews
United States District Judge